UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BYRON BRUNET                                         CIVIL ACTION

VERSUS                                               NO. 23-6732

AUTOZONE DEVELOPMENT, LLC                            SECTION M (2)


**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant AutoZone Stores LLC ("AutoZone").[1]  Plaintiff Byron Brunet responds in opposition,[2] and AutoZone replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion, because Brunet has no evidence demonstrating that AutoZone had actual or constructive notice of the alleged hazard.

I.       **BACKGROUND**

This case concerns a slip-and-fall accident.  Brunet alleges that on September 6, 2022, he went to the AutoZone store in Houma, Louisiana, and as he walked "through the parking lot, he violently slipped in a spillage of oil on the parking lot and fell to the ground."[4]  He further alleges that he suffered "severe physical pain," "debilitating injuries to his whole body," and "mental anguish" as a result of the fall.[5]  Brunet testified at his deposition that, on the day of the accident, he went to AutoZone around noon to buy wiper blades for his car.[6]  He walked through a parking spot and when he was going to step onto the curb, he slipped and fell on his back.[7]  Brunet testified

---

[1] R. Doc. 24.
[2] R. Doc. 29.
[3] R. Doc. 31.
[4] R. Doc. 1-1 at 5.
[5] *Id.* at 5-6.
[6] R. Doc. 24-7 at 7.
[7] *Id.* at 8, 10-12.

that he saw an unknown liquid on the ground after the fall, but he did not recall his clothing getting wet.[8]  Nobody saw the accident.[9]  Brunet eventually got up and was "hurting," but went into the store to buy the wiper blades and went home.[10]

AutoZone commercial sales manager Jason Foret, who was on duty at the time of the accident, testified at his deposition that Brunet told another manager on duty about the slip and fall, but Brunet did not fill out a report immediately because he said that he was not hurt.[11]  Brunet showed that other manager where he fell and then they showed Foret.[12]  Foret got a bucket with "floor dry," or kitty litter, to put on the spot, but he did not see anything (including "wetness") on the ground when he went outside.[13]  Nevertheless, he put the floor dry down, but it did not soak anything up.[14]

A little while later, Brunet called AutoZone to inform someone that he was hurting from the accident.[15]  The AutoZone employee asked Brunet to come back to the store to fill out an accident report.[16]  Brunet complied.[17]  After completing the form, Brunet showed an AutoZone employee where he fell.[18]  Brunet further testified that he had no information about how long the wet substance had been on the ground, how it got there, or that AutoZone knew it was there before the accident.[19]

---

[8] *Id.* at 11-13.
[9] *Id.* at 9.
[10] *Id.* at 10.
[11] R. Doc. 29-2 at 13-14.
[12] *Id.* at 13.
[13] *Id.*
[14] *Id.* at 11, 13.
[15] R. Doc. 24-7 at 10-11
[16] R. Docs. 24-7 at 11; 29-2 at 14.
[17] *Id.*
[18] R. Doc. 24-7 at 11.
[19] *Id.* at 14-15.

Brunet filed this action in Louisiana state court against AutoZone Development, LLC ("AutoZone Development") alleging that its negligence caused the accident.[20]    AutoZone Development removed the action to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[21]   AutoZone Development filed an answer stating that it was not the proper party to this suit.[22]   Consequently, Brunet filed a first amended complaint adding AutoZone as a defendant, and eventually moved to dismiss AutoZone Development as a defendant, which the Court granted.[23]

## II.    PENDING MOTION

AutoZone moves for summary judgment, arguing that Brunet cannot sustain a claim for merchant liability because he cannot prove that there was an unreasonable risk of harm or that AutoZone had actual or constructive knowledge of any condition in the parking lot where the accident occurred.[24] At his deposition, Brunet testified that he did not know how long the supposed hazard was present.[25]   Further, Foret declared in his affidavit that, when he went outside to inspect the area where Brunet fell, he did not find the ground to be wet or slippery.[26]   Foret placed "oil dry" on the area, but it did not become wet or soak up anything.[27]   Foret further stated that he was "not aware of any other AutoZone employee having knowledge of a wet or slippery spot prior to Mr. Brunet's complaint."[28]

In opposition, Brunet argues that there are disputed issues of material fact that preclude summary judgment because AutoZone employees failed to inspect the parking lot in accordance

---

[20] R. Doc. 1-1.
[21] R. Doc. 1.
[22] R. Doc. 8.
[23] R. Docs. 9; 21; 23.
[24] R. Doc. 24-1 at 1-2, 5-11.
[25] *Id.* at 7-11.
[26] R. Doc. 24-8 at 1.
[27] *Id.* at 2.
[28] *Id.*

with company policy.[29]  He contends that an AutoZone employee should have seen the substance in the parking lot because the employees go outside frequently to help customers and are supposed to check the parking lot for hazards when they do.[30]  Brunet reasons that, given the number of times the AutoZone employees should have been outside on the day of the accident, "it is highly unlikely" that one of them did not notice the dangerous condition on the ground if they had been inspecting the parking lot.[31]  In support of this argument, Brunet cites Foret's deposition testimony that an AutoZone employee is outside at least four times an hour and is supposed to look over the parking lot and remedy any issues before continuing with whatever else he or she is doing.[32]  Brunet further argues that the AutoZone employees put the "oil dry" on the wrong spot, not where he actually fell, so the fact that it did not become wet is irrelevant.[33]

AutoZone replies, arguing that there are no facts or evidence showing that an AutoZone employee created the hazard or had actual knowledge of it or how long the alleged slippery substance was on the ground, so as to provide constructive notice.[34]  AutoZone also points out that Brunet does not have any evidence proving that AutoZone failed to uphold an actual company policy regarding parking lot safety because he did not send discovery to AutoZone requesting such documents, nor did he take a corporate deposition of AutoZone.[35]  Further, says AutoZone, Brunet failed to depose any of its employees who were on duty at the time of the accident to inquire as to what actions they took, or did not take, with respect to parking lot safety on that day.[36]  Next,

---

[29] R. Doc. 29 at 1-2.
[30] *Id.* at 4-5.
[31] *Id.* at 5.
[32] *Id.* (citing R. Doc. 29-2 at 9-10).
[33] *Id.* at 8-10.
[34] R. Doc. 31 at 1-3.
[35] *Id.* at 3-4.
[36] *Id.*

AutoZone argues that its actions after the accident are irrelevant to the notice issue and Brunet cites distinguishable and inapplicable caselaw.[37]

## III.    LAW & ANALYSIS

### A.  Legal Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material. *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory

---

[37] *Id.* at 4-6.

allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B. Premises Liability**

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." *Id.* The statute applies to slip-and-fall accidents that occur in parking lots. *Guilbeaux v. Lupo Enters., L.L.C.*, 321 So. 3d 447, 453-54 (La. App. 2021). To prove a negligence claim against a merchant in a slip-and-fall case, the plaintiff must prove all of the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6(B). "Constructive notice," for the purposes of the statute:

> means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

*Id.* 9:2800.6(C).

"Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017). The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.,* 492 F.3d 328, 330 (5th Cir. 2007) (quotations omitted).

The issue before the Court on AutoZone's motion for summary judgment is whether AutoZone had actual or constructive notice of the alleged hazardous condition. Brunet does not allege that AutoZone created the hazard or had actual notice of it. He relies on constructive notice. With respect to constructive notice, a plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The Louisiana supreme court has stated that a plaintiff asserting a premises liability claim against a merchant must make a positive showing that the hazardous condition existed for some time prior to the accident. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Oliver v. Belle of Orleans, LLC*, 341 So. 3d 774, 778 (La. App. 2022). In this case, Brunet has not presented any evidence positively establishing the presence of a hazardous condition in the parking lot (other than his own testimony that he saw the stain on his way to the store from the parking lot and that, after the fall, he thought it was slippery) or how long it was there, much less that it was there for such a length of time as would reasonably require an AutoZone employee to have discovered it. There is no evidence concerning who created the condition or how it came to be. The most evidence Brunet has is testimony that AutoZone employees were usually outside the store a few times each hour and were then supposed to look around the parking lot for any problems. This is insufficient to sustain his summary-judgment burden on the issue of constructive notice. Indeed, it cuts against it. If AutoZone employees were outside a few times an hour prior to the accident and surveyed the parking lot for hazards, it stands to reason that the condition was not present for very long before the accident. In other words, the substance allegedly causing Brunet to fall was not present

for a sufficient time such that it should have been discovered with the exercise of reasonable care. Brunet points to no evidence establishing otherwise. On the other hand, if the AutoZone employees were not in the parking lot helping customers prior to the accident, Brunet has no evidence that they failed to adhere to some other protocol regarding parking lot safety because there is no evidence of an AutoZone policy that requires employees to check the parking lot for hazards other than when they are helping customers. Thus, Brunet has not carried his summary-judgment burden of showing either actual or constructive notice of the alleged hazardous condition.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that AutoZone's motion for summary judgment (R. Doc. 24) is GRANTED, and Brunet's claims against it are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 4th day of April, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE